56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 John M. GERAGHTY, Plaintiff-Appellant,
v.
Shirley S. CHATER,[2] Commissioner of Social
Security, Defendant-Appellee.
 No. 93-1295.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 19, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff John M. Geraghty sought disability benefits due to arthritis, a heart condition, a right shoulder dislocation, and a right knee injury.[3] He also raised the issue of a possible mental disability.[4] An administrative law judge (ALJ) denied benefits, finding that plaintiff's physical problems did not constitute a disability, and that plaintiff had refused to undergo a psychological examination. The Appeals Council denied review of the ALJ's decision. Plaintiff turned to the district court, and a magistrate judge recommended that the case be remanded to the Secretary for rehearing on the basis that the ALJ failed to provide "even a minimum articulation as to why he found Dr. Clohisy's opinion more credible than those of Drs. Fischer, Stulberg, and Ricker." The magistrate judge also recommended the dismissal of Count II, construed as a suit under 42 U.S.C. Sec. 1983. The district court adopted the magistrate judge's recommendations and reversed the Secretary's decision, remanding pursuant to sentence four of section 405(g) of the Social Security Act. 42 U.S.C. Sec. 405(g).
 
 
 2
 Count I of this suit challenges the district court's remand order, despite the fact that plaintiff sought a remand from the court. While this appeal was pending, however, the remand took place. Plaintiff was successful in his pursuit for benefits when, in March 1993, an ALJ decided that, although plaintiff suffered no physical disability as of December 23, 1985, he did establish that as of March 17, 1986, he was suffering under a mental disability.
 
 
 3
 The record does not indicate that an appeal has been filed from the ALJ's March 1993 decision finding plaintiff to be mentally disabled as of March 17, 1986, despite the fact that plaintiff had sought a finding of physical disability as of December 1985. Unless plaintiff is arguing that his mental impairment began eight weeks earlier, the question of disability is moot. In the event that plaintiff wants to continue to argue that a physical disability was also proven, we find that the ALJ's decision on remand satisfied Judge Nordberg's order requiring further explanation of why the medical evidence submitted on behalf of plaintiff was being rejected.[5]
 
 
 4
 In regard to Count II of the complaint, Geraghty apparently attempts to allege a civil rights violation pursuant to 42 U.S.C. Sec. 1983, arguing that the Illinois state officials[6] conspired with each other and with his past employer to deprive him of benefits. However, plaintiff's employer, the Governor of Illinois and the Attorney General of Illinois were not involved in the disability proceedings, or knew about their subordinates' conduct, condoned it, or otherwise acted with deliberate and reckless indifference. See Rascon v. Hardiman, 803 F.2d 269, 273-74 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). Plaintiff only alleges that these defendants should have looked into the situation, an allegation which does not constitute a Sec. 1983 violation.
 
 
 5
 Plaintiff also appears to be attempting to prove violations of Illinois' criminal laws.[7] We do not have subject matter jurisdiction over state criminal prosecutions. We also have no jurisdiction over decisions of the Illinois Court of Claims or the Illinois Industrial Commission.
 
 
 6
 We find no support in the record for questions raised by plaintiff regarding the bias of one ALJ, the bias of the district court judge, or various claims of corruptness and fraud throughout the state and federal judicial systems.
 
 
 7
 Accordingly, the portion of the district court judgment remanding Count I is DISMISSED insofar as it is moot, and AFFIRMED in all other respects; and the portion of the district court judgment dismissing Count II is AFFIRMED.
 
 
 
 [2]
 Shirley S. Chater is substituted for Secretary of the Department of Health and Human Services pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "statement as to need of oral argument." See Fed. R. App. P. 34(a); Circuit Rule 34(f). Upon consideration of the statements submitted, the record, and the briefs, the appeal is submitted on the record and the briefs
 
 
 [3]
 The 57-year-old plaintiff had worked for 23 years as an outside cash register salesman, along with several hour short-term jobs all requiring heavy lifting
 
 
 [4]
 Plaintiff argued to the magistrate judge that his failure to undergo a psychological examination as requested by the ALJ should be excused because his mental condition prevented him from understanding that he was required to submit to a psychological examination
 
 
 [5]
 The district court found that the ALJ had failed to "provide a minimal level of articulation of his assessment of the evidence supporting plaintiff's position, explaining why this evidence was rejected."
 
 
 [6]
 These defendants include a clerk who refused to file his incomplete application for an appeal of the Illinois Industrial Commission's decision, along with the Governor of Illinois and the Attorney General of Illinois
 
 
 [7]
 Plaintiff filed a complaint before the Illinois Court of Claims alleging fraud and conspiracy in his proceedings before the Illinois Industrial Commission